
GREGORY A. RICHARDSON,

    Plaintiff,

v.                            Civil Action No. 3:08CV229

REBECKA KELLY, et al.,

    Defendants.

## MEMORANDUM OPINION

Gregory A. Richardson, a Virginia detainee proceeding pro se, submitted a civil rights action under 42 U.S.C. § 1983. By Memorandum Opinion and Order entered on January 8, 2009, the Court subjected all litigation submitted by Richardson to a prefiling injunction. Richardson v. Va. Dep't Corr., No. 3:07cv514 (E.D. Va. Order filed Jan. 8, 2009). That injunction provides, in pertinent part:

> 1.     Absent a bona fide emergency, the Court will only process one action at a time from Richardson . . . .
>    . . . .
> 3.     Richardson is precluded from writing on both sides of any submission.
>    . . . .
> 5.     In order to monitor Richardson's repetitious and multiplicitious litigation he must attach to each new complaint or petition a separate document entitled "motion for leave to file and certificate of compliance" which shall in separately number[ed] paragraphs:
> (a) Identify by style, date filed, and current status, all cases filed by him or in which he has been a plaintiff or petitioner within the one year period preceding the filing of the certificate. Richardson shall also identify in which court the case was filed;
> (b) Certify that the claims he wishes to present are new claims never before raised and dismissed with prejudice by any federal court

and set forth why each claim could not have been raised in one his prior federal actions;
(c) For any complaint, set forth in separate subparagraphs for each of the defendants the facts that Richardson believes entitle him to relief against the defendant and the basis for his belief that such facts exist. Each subparagraph must, standing alone and without reference to other subparagraphs, exhibits, or attachments, establish that the claim against the defendant is made in good faith, and has a tenable basis in fact and is not frivolous;
(d) Contain Richardson's statement under penalty of perjury that the statements made in the certificate of compliance are true.
6. Richardson's failure to comply strictly with the requirements set forth above will result in summary denial of the motion for leave to file. If Richardson misrepresents any facts he will be subject to appropriate sanctions.

(Id. at 1-3.)

Accordingly, by Memorandum Order entered on March 21, 2011, the Court directed Richardson, within fourteen (14) days of the date of entry thereof, to submit a certificate of compliance that comports with the above directives. The Court warned Richardson that failure to comply with the above directive would result in the dismissal of the action. See Fed. R. Civ. P. 41(b). More than fourteen (14) days have elapsed since the entry of the March 21, 2011 Memorandum Order and Richardson has not responded. Accordingly, the present action will be DISMISSED WITHOUT PREJUDICE.

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to Richardson.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: May 14, 2011
Richmond, Virginia